UNITED STATES *v.* MATCH IMPORT CO., INC., BY HIPAGE CO., AGTS.

**No. 5525.**—Invoices dated Kuopio, Finland, August 25, 1930, etc.
Certified August 26, 1930, etc.
Entered at Norfolk, Va., September 15, 1930, etc.
Entry No. 147, etc.

Third Division, Appellate Term

(Decided December 17, 1941)

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, special attorneys), for the appellant.
*Lamb & Lerch* (*John G. Lerch, Thomas J. McKenna,* and *David A. Golden* of counsel) for the appellee.

Before CLINE and KEEFE, Judges

KEEFE, Judge: These appeals for review involve twelve reappraisements covering importations of strike-on-box matches imported from

Finland and Latvia during the years 1929, 1930, and 1931, and entered at Norfolk under the provisions of the Tariff Acts of 1922 and 1930. The appraiser advanced the value and made findings of dumping duty in conformity with T. D. 44716 and T. D. 44719. The validity of the appraisements was attacked in the court below upon the grounds that the collector failed to designate and the appraiser failed to examine sufficient packages as required under the provisions of section 499 of the Tariff Acts of 1922 and 1930.

The trial court held that the mandatory provisions of section 499 and the customs regulations prescribed thereunder were not complied with and that the appraisement in each instance was null and void ab initio.

At the trial of this case counsel agreed that the reappraisement appeals for review be submitted upon the record as made in the court below without further argument. No briefs were filed before this court.

From an examination of the record and the evidence before us we find that the collector failed to designate by number the particular cases in each lot for examination by the appraiser; that the samples were selected upon the wharf by customs inspectors who drew 1 sample of 12 boxes of matches from each different brand irrespective of the number of cases in each shipment; that there were hundreds of cases of each brand in the shipments; and that the samples withdrawn failed to conform with the law directing that 1 in 10 cases of each class of merchandise shall be examined for appraisement. The evidence further established that the matches in question were not by commercial usage bought and sold by sample.

The questions arising in the appeals before us are on all fours with those arising in the cases of New York Match Co., Inc., et al. v. United States, C. D. 255, and United States v. John A. Conkey Co., Reap. Dec. 5235. These cases involved strike-on-box matches, which were designated by the collector in similar terms to the matches in question and the samples were withdrawn by an inspector at the wharf and sent to the appraiser for examination, the amount withdrawn from the shipments corresponding to the quantity withdrawn in the shipments here in question. In those cases it was held that the collector's designation was illegal; that the sampler failed to draw the statutory quantity of samples; that there was an absence of a special regulation issued by the Secretary of the Treasury authorizing an examination of a less proportion of packages than required under the first portion of section 499, by reason of merchandise being by commercial usage bought and sold by sample; and that strike-on-box matches were sold by brand rather than by sample. It was concluded by the court in the foregoing cases that the appraisement of the merchandise

was illegal and void *ab initio*, and the collector was directed to liquidate the entries upon the basis of the entered values in each case.

In view of the evidence before us, and the decisions cited herein, we hereby affirm the judgment of the trial court, adjudging the appraisement of the merchandise involved herein as illegal and void *ab initio*, and hold that the collector should liquidate the entries on the basis of the entered values in each case. It is so ordered.